WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Rafael Martinez,

Petitioner,

v.

State of Arizona, et al.,

Respondents.

No. CV-14-01753-PHX-JAT

**ORDER**

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 7) ("Petition"). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation (Doc. 26) ("R&R"), recommending that this Court deny the Petition. Petitioner has filed objections to the R&R. (Doc. 27). Respondent has filed a Response to Petitioner's objections to the R&R, requesting this Court to overrule Petitioner's objections and adopt the R&R. (Doc. 31).

## I. Review

### A. Review of R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263

F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). Thus, the Court will review the portions of the R&R to which Petitioner objected de novo.

**B. Review of State Court Decisions**

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

**II. Factual Background**

At pages 1-4, the R&R recounts the factual and procedural background of this case. Other than in the context of specific legal arguments discussed below, neither party objects generally to this recounting; accordingly, the Court accepts and adopts it, with the

[1] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Carey v. Musladin*, 549 U.S. 70, 74 (2006).

exception of the error in the R&R as to the date on which the Arizona Court of Appeals affirmed Petitioner's convictions and sentences on Petitioner's direct appeal. (*See* R&R at 3). The R&R incorrectly states April 26, 2010. (*Id.*) The Court notes that the Arizona Court of Appeals affirmed Petitioner's convictions and sentences on August 26, 2010. (Doc. 19-2, Ex. P, at 148).

**III. Petition**

The Petition in this case raises 12 claims (Doc. 7). The Court will address each claim in turn, and will follow the numbering system used by the R&R.

**Claim 1**

In his first claim, Petitioner argues that "the trial court abused its discretion by allowing [the] state to present evidence of Petitioner and co-defendant [communicating] while in court", thereby violating his due process rights. (Doc. 7 at 6). The R&R concludes that because Petitioner has not "assert[ed] a federal claim," and, accordingly, has not exhausted state remedies, this first claim is procedurally defaulted. (Doc. 26 at 11, 31). Further, the R&R states that "Petitioner fails to establish that error, if any, had a 'substantial and injurious effect or influence in determining the jury's verdict.'" (*Id.* at 12) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)). As a result, the R&R concludes that habeas relief is precluded as to this first claim because "Petitioner cannot demonstrate cause, let alone prejudice, for his default." (Doc. 26 at 12).

Though Petitioner asks the Court, in his objection, "to reconsider this claim not procedurally defaulted and consider this claim for what it is," this does not dissuade this Court from agreeing with the findings and conclusions in the R&R. (Doc. 27 at 3). The Court agrees with the R&R's conclusion that Petitioner "did not fairly present a federal claim," to the state courts, nor demonstrate cause and prejudice to excuse his default. (Doc. 26 at 11–12). Further, the Court accepts and adopts the R&R's merits finding that the admission of the evidence of Petitioner and his co-defendant communicating was not error. (*Id.* at 12). Accordingly, the Petitioner's objections are overruled, the R&R is accepted and adopted on Claim 1, and relief is denied on this claim.

**Claim 2**

The Petitioner's second claim encompasses five separate sub-claims of ineffective assistance of counsel. (Doc. 7 at 7). Petitioner contends that ineffective assistance of counsel has resulted in the violation of his Sixth and Fourteenth amendment rights. (*Id.*) Petitioner also alleges that, should these grounds be procedurally defaulted, this ineffective assistance of counsel should excuse the default. (Doc. 24 at 17–18).

At pages 13–14, the R&R states the governing legal standard for evaluating ineffective assistance of counsel claims established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Neither party objects to the R&R's statement of the legal standard. Accordingly, the Court accepts and adopts it as the governing legal standard for evaluating the Petitioner's ineffective assistance of counsel claims. Further, the Magistrate Judge considered each of the Petitioner's ineffective assistance of counsel claims on the merits in the R&R. (Doc. 26 at 13). Accordingly, this Court will also examine the ineffective assistance of counsel claims on the merits.

**Failure to Examine Clothing for DNA Evidence**

In his first sub-claim, Petitioner argues that his trial counsel was ineffective for failing to examine his clothing for DNA evidence. (Doc. 7 at 7). The R&R concludes that Petitioner's claim fails, as "Petitioner presents no evidence to establish this claim is true," nor has Petitioner set forth any "evidence to establish that DNA testing, if conclusive, would have been more or less likely to inculpate or exculpate the Petitioner." (R&R at 14). Further, the R&R concludes that "Petitioner's speculation regarding the potential results of further DNA testing is insufficient to establish [that Petitioner suffered] prejudice" as a result of his trial counsel's deficient performance. (*Id.* at 14–15). Accordingly, the R&R ascertains that Petitioner is not entitled to habeas relief on this claim. (*Id.*)

In his objection, Petitioner argues that though "he cannot show which way the DNA test will lead," if the Court would "order a DNA test on the clothing . . . all can be put to rest." (Doc. 27 at 3). Notwithstanding his objection, Petitioner still fails to support

his claim, as he has not produced any evidence indicating his claim is true or that trial counsel's failure to examine his clothing for DNA evidence "prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Further, the Court accepts and adopts the R&R's findings on the merits as to this sub-claim. As a result, this objection is overruled. Accordingly, the R&R is accepted as set forth above, and relief is denied on this claim.

**Failure to Object to Reference of a Prior Trial**

In his second sub-claim, Petitioner argues that his trial counsel failed to "provide [him] with the presumption of innocence when [a] witness testified Petitioner had [a] previous trial" and counsel thereafter did not request a mistrial. (Doc. 7 at 7). The R&R concludes that "Petitioner cannot demonstrate any due process violation as a result of counsel's failure to request a mistrial, which would almost certainly have been denied based upon a sole reference to a prior trial." (Doc. 26 at 16). Accordingly, Petitioner is not entitled to habeas relief on this claim, as "Petitioner's claim fails because he cannot establish there was prejudice." (*Id.* at 15–16).

Petitioner objects and argues that the "reference of . . . a previous trial can [a]ffect the integrity of a trial." (Doc. 27 at 4). However, Petitioner fails to support this speculative claim with evidence. Accordingly, for the reasons stated in the R&R (at 15–16), this objection is overruled. The R&R is accepted and adopted as to this second sub-claim, and habeas relief is denied on this claim.

**Improper Comments During Closing Argument**

In his third sub-claim, Petitioner alleges that his trial counsel was ineffective for failing "to object to the prosecution's improper comments that some of the loci do match that of the defendant" during closing argument. (Doc. 24 at 16). The R&R concludes that counsel's failure to object to this statement was not ineffective. (Doc. 26 at 16). The R&R further concludes that this statement by the Prosecutor was not improper as it was a response to an argument by Petitioner, and because "counsel reminded the jurors that the results were inconclusive." (*Id.*). Accordingly, the R&R ascertains that Petitioner is not

entitled to habeas relief on this claim. (*Id.*).

Petitioner maintains the allegations in this third sub-claim in his objection, again arguing that the Prosecutor's comments are improper. (Doc. 27 at 4). Petitioner further objects on the grounds that the jury members are not experts in examining DNA. (*Id.*). This objection is overruled, as fact-finding is the essential function of the jury. *See Apprendi v. New Jersey*, 530 U.S. 466, 476–490 (2000). Further, the Court accepts and adopts the R&R's findings on the merits as to this sub-claim. Thus, the R&R is accepted as specified above, and relief is denied on this claim.

**Failure to Interview Witnesses**

In his fourth sub-claim, Petitioner argues that trial counsel's failure to interview additional potential witnesses violated his "Sixth Amendment right to effective assistance of counsel," as these witnesses may have information about "what the suspects were wearing, . . . what race they were," and whether more than one person was running from the scene of the crime. (Doc. 24 at 16–17). The R&R concludes that Petitioner's claim fails as he has not proven that counsel's "failure to identify and interview additional witnesses" establishes deficient performance under the standard established in *Strickland v. Washington*, 466 U.S. 668 at 687. (R&R at 17). This Court agrees.

Objecting, Petitioner argues that counsel should have further investigated two witnesses' whose descriptions of the event (Doc. 27 at Ex. B) do not describe Petitioner. (Doc. 27 at 5). The Court has reviewed the R&R's conclusions on this theory and agrees that Petitioner has failed to prove deficient performance by counsel, or prejudice, as to this sub-claim. The Court further agrees with Respondent's argument that "Petitioner cannot show deficient performance because his counsel could have reasonably decided not to interview or call these two witnesses as a matter of trial strategy." (Doc. 31 at 5). Accordingly, this objection is overruled, the R&R is accepted and adopted, and relief is denied on this claim.

**Ineffective Assistance of Appellate and PCR Counsel**

In his fifth and final sub-claim, Petitioner asserts that, by failing to raise the

arguments included in his Petition, both appellate and post-conviction counsel were ineffective. (Doc. 7 at 7). As the arguments included in his Petition were without merit, the R&R concludes that "appellate and post-conviction counsel were not ineffective for failing to raise them." (R&R at 17). This Court agrees. In his objection, Petitioner fails to produce any evidence supporting this allegation. (*See* Doc. 27 at 6). As a result, the Court overrules this objection. The R&R is accepted and adopted as to this fifth sub-claim, and relief is denied on this claim.

**Claim 3**

In his Third Claim, Petitioner alleges that by "knowingly presenting false testimony" and by contradicting the State's DNA expert, the Prosecutor committed misconduct. (Doc. 7 at 8). As a result, Petitioner argues that the Prosecutor's conduct violated Petitioner's Fourteenth Amendment right to due process of law. (*Id.*) This Third Claim encompasses three separate sub-claims.

**False Testimony Claim regarding Petitioner's Residence**

In the first sub-claim, Petitioner asserts that the Prosecutor knowingly elicited false testimony from Officer Gutierrez that Petitioner lived in South Phoenix instead of "Maryvale." (Doc. 24 at 20–21). The R&R concludes that "Petitioner does not dispute that the jurors knew Petitioner's actual address, nor does he dispute that the officer [later] agreed the address was north of 'South Phoenix.'" (R&R at 18–19). Accordingly, the R&R further concludes that Petitioner's claim fails, as Petitioner has failed to show that this testimony "had an injurious effect on the jury." (R&R at 19). This Court agrees. Petitioner has not objected to the R&R as to this specific sub-claim of his Third Claim. As a result, the R&R is accepted and adopted as specified above, and habeas corpus relief is denied as to this sub-claim.

**False Testimony Claim regarding the Possession of $8.95**

In the second sub-claim, Petitioner asserts that the Prosecutor knowingly elicited false testimony from Detective Ybarra that Petitioner did not "have any money at the time of his arrest." (Doc. 24 at 23). Petitioner alleges that this evidence would have

corroborated his defense that he had money for a bus ticket. (Doc. 24 at 26). The R&R concludes that Detective Ybarra's statement was, at most, inconsistent, as she agreed that the booking records indicate Petitioner had this money when accepted at the country jail, but "also stated that she did not believe the $8.95 was Petitioner's and instead testified that $8.95 was the amount on Perez's person." (R&R at 20). The R&R further concludes that "Petitioner has not established that this testimony was false," or that the testimony had a substantial and injurious effect on the jury's decision. (*Id.*)

In his objection to this claim, Petitioner requests an evidentiary hearing to examine the "Good Year arrest report to show cause that the arrest and booking sheet is not Perez and Martinez's as Ms. Ybarra stated." (Doc. 27 at 6). This objection is overruled because the arrest report that Detective Ybarra examined during trial at the behest of the Prosecutor does indicate Petitioner had $8.95 when accepted at the jail. (R&R at 19) (*See also* Doc. 24-1, Ex. B, at 23). Further, Detective Ybarra's testimony was not false, as she agreed that the arrest report indicates Petitioner had $8.95 when booked at the county jail. (*Id.*). Accordingly, the R&R is accepted and adopted, and habeas relief is denied as to this sub-claim.

**Contradicting the State's DNA Witness**

In the third sub-claim, Petitioner argues that the Prosecutor contradicted the DNA expert when the Prosecutor stated that "some of the exhibits from the lab do match up with the defendant." (Doc. 24 at 29). The R&R concludes that this is the same argument rejected above (in Claim 2, sub-claim 3). (R&R at 20). Petitioner concedes that this issue was raised in Claim 2. (Doc. 27 at 7). Accordingly, the R&R is accepted and adopted, and habeas relief is denied as to this sub-claim.

**Claim 4**

In his fourth claim, Petitioner asserts that the State violated his Fifth Amendment guarantee against double jeopardy by convicting him of both Armed Robbery and Theft of Means of Transportation. (Doc. 24 at 32). Though Petitioner alleges he presented this issue in a direct appeal, the R&R notes that his claim in the Arizona Court of Appeals

was instead based upon a violation of A.R.S. § 13–116. (R&R at 21). The R&R concludes that "to the extent Petitioner argues the sentence violated Arizona law, that argument is not cognizable on habeas review." (*Id.*). Further, Petitioner has failed to show any cause to excuse the procedural default of any potential federal claim on this issue. (*Id.*). Finally, the R&R concludes that this fourth claim is meritless, as the Arizona Court of Appeals found that no double jeopardy violation occurred; the State may punish separate offenses included within the same transaction, and here "the theft of cash from the victim was separate from the theft of the vehicle." (*Id.* at 22).

Petitioner objects that "[d]ouble jeopardy bars subsequent prosecutions of a single act." (Doc. 27 at 7). However, the R&R assumed a federal claim was exhausted for purposes of determining whether this claim had merit, as indicated by its analysis of Petitioner's argument that a Theft of Means of Transportation is a "lesser-included offense" of an Armed Robbery. (Doc. 26 at 20) (quoting Doc. 24 at 32). As a result, this objection does not change the outcome of this case and is overruled. Accordingly, the R&R is accepted and adopted as to Claim 4, and relief is denied on this claim.

**Claim 5**

Next, Petitioner claims that the trial court's failure to apply a clear and convincing evidence standard when determining whether Petitioner's pretrial identification was unduly prejudicial violated his rights to due process of law. (Doc. 24 at 32–33). The R&R concludes that the "Arizona state court's fact finding was not unreasonable" as the pretrial identification by D.M. was neither unreliable nor impermissibly suggestive. (R&R at 23-24). The R&R further concludes that this claim fails because the Arizona Court of Appeals' finding that no prejudice appears affirmatively in the record "was not based on an unreasonable application of clearly established federal law or an unreasonable determination of the facts." (*Id.* at 25).

Petitioner objects and alleges that he has extensively argued each of the five factors of *Biggers*.[2] (Doc. 27 at 9). However, this objection is overruled, as the R&R

---

[2] *Neil v. Biggers*, 409 U.S. 188, 197 (1972).

extensively reviewed the Arizona state court's *Biggers* finding under a totality of the circumstances test, determining it was not unreasonable. (R&R at 22–25). Accordingly, the R&R is accepted and adopted as to this claim, and relief is denied.

**Claim 6**

In his sixth claim, Petitioner argues that the trial court erred in denying Petitioner a *Batson*[3] challenge after the State struck a Hispanic juror, resulting in the violation of his Fourteenth Amendment right to due process. (Doc. 24 at 38–39). Though "Petitioner made a prima facie showing that the strike was based upon [the juror's] race," the Prosecutor indicated that the juror was dismissed based upon his lack of a high school degree (R&R at 26–27). The R&R concludes that a "lack of education is a non-discriminatory reason for striking a juror." (*Id.* at 27). The R&R further concludes that Petitioner's failure to demonstrate that the Prosecutor was purposefully discriminatory towards this Hispanic juror indicates that "the [Arizona] court of appeal's rejection of Petitioner's Batson claim was neither contrary to, nor an unreasonable application of, clearly established federal law." (*Id.*). Accordingly, this claim fails. (*Id.*).

In his objection, Petitioner repeats his contention that the Prosecutor's strike was discriminatory, contending that the juror may have had a GED instead of a high school degree by drawing a parallel to his own lack of a high school degree. (Doc. 27 at 10). The Court overrules this objection, as the R&R considered this counter-argument in its determination that striking a juror because of a lack of education is race-neutral. (R&R at 27); *see also United States v. Martin*, 7 F.3d 679, 686–87 (7th Cir. 1993). Accordingly, the R&R is accepted and adopted on this sixth claim, and habeas relief is denied on this claim.

**Claim 7**

Petitioner next argues that he was unconstitutionally detained as the "investigatory stop was not based on reasonable suspicion." (Doc. 7 at 12). As a result, Petitioner claims his Fourth Amendment rights were violated (Doc. 24 at 43). The R&R concludes

---

[3] *Batson v. Kentucky*, 476 U.S. 79 (1986).

that this claim is not cognizable, as Petitioner had the opportunity to litigate this Fourth Amendment issue in both the Arizona trial court and Arizona Court of Appeals. (R&R at 27–28). Accordingly, this claim fails, as "federal habeas corpus relief may not lie for a claim that evidence recovered through an illegal search or seizure was introduced at trial" where that claim has been fully and fairly litigated, as here. (*Id.*).

The Petitioner has not raised any objection regarding this seventh claim (*See* Doc. 27). As a result, the R&R is accepted and adopted on Claim 7, and habeas relief is denied as to this claim.

**Claim 8**

In his eighth claim in his Petition, Petitioner alleges that the imposition of the consecutive sentence for the Theft of Means of Transportation conviction violates his due process rights. (Doc. 7 at 13). Petitioner then asserts a violation of the Sixth Amendment Confrontation Clause in his Reply, arguing that because the theft victim did not testify at trial and because "the jury never decided" the theft charge beyond a reasonable doubt, Petitioner did not have an opportunity to confront this witness. (Doc. 24 at 45–46) (*See* U.S. CONST. amend. VI). First, the R&R concludes that the consecutive sentences claim raised in the Petition is the same as Petitioner's fourth claim, and is procedurally defaulted. (R&R at 29). The Court accepts and adopts the R&R as to this theory. Second, the R&R concludes that because the confrontation claim was not raised in his Petition, this claim is waived, as "a reply 'is not the proper pleading to raise additional grounds for relief' in a habeas proceeding." (*Id.*) (quoting *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (1994)). Alternatively, on the merits, the R&R concludes that Petitioner's Confrontation Clause claim also fails as "the testimony of the victim was sufficient" to prove the Theft of Means of Transportation violation and "the victim was subject to cross-examination during trial." (R&R at 29). This Court agrees.

Petitioner's objection asserts, as in his Reply (Doc. 24 at 45–48), that his Sixth and Fourteenth Amendment rights were violated because the Theft of Means of Transportation conviction was based on the state trial court's finding that there was "a

separate victim in this case, [] a separate owner of the vehicle" whom Petitioner claims he did not have the opportunity to confront. (Doc. 27 at 10–11). However, the R&R found, on the merits, that the victim, Deane Maki, testified in the state trial court that the co-defendant pointed a handgun at him and told him to "[g]et out of the cab." (Doc. 26 at 29) (quoting Doc. 19-5, Ex. MMM, at 178–79). This same victim also testified that he saw the Petitioner "slide into the driver's seat" after the co-defendant told the victim to get out of the taxicab. (*Id.* at 180). The Court accepts and adopts the R&R's findings on the merits as to this sub-claim.

Petitioner's claim is also meritless, as the transcript of the state trial court proceedings indicates that Petitioner's counsel, Mr. Winchell, did, in fact, have the opportunity to cross-examine this victim. (*See* Doc. 19-5, Ex. MMM, at 36, 201–229). Further, the transcript of the state trial court proceedings illustrates that Petitioner's counsel had the opportunity to cross-examine each additional witness called by the Prosecutor. (*See* Doc. 19-6, Ex. NNN, at 20, 46, 67, 102, 124; Ex. OOO, at 152, 177, 195, 215, 227) (Doc. 19-7, Ex. PPP at 5; Ex. QQQ at 137). Accordingly, Petitioner's objection that he did not have the opportunity to confront the victim is without merit. This Court also notes that the witnesses called by the Prosecutor, with the exception of the victim, Deane Maki, are not civilians, but, rather, are testifying in their capacity as law enforcement and corrections personnel.

Additionally, this Court examined the jury instructions and notes that the trial court instructed the jury that the State has the burden of proving the Petitioner guilty beyond a reasonable doubt. (Doc. 19-7 at 49–50). As the Petitioner has not presented any evidence that the jury never decided the theft charge beyond a reasonable doubt, Petitioner's objection is overruled. After examining the state trial court record thoroughly, this Court also finds that Petitioner's objection that the Theft of Means of Transportation conviction was based on a separate victim or separate owner of the vehicle has no merit as Petitioner has presented no evidence supporting these allegations nor does the record indicate these allegations are true. Accordingly, Petitioner's

objections are overruled. The R&R is accepted and adopted on Claim 8, and habeas relief is denied as to this claim.

**Claim 9**

In his Ninth Claim, Petitioner argues that "improper consideration in determining sentencing" resulted in the violation of his Fourteenth Amendment right to due process. (Doc. 7 at 14). Petitioner expands in his Reply that the presentence report "was inaccurate in its criminal history as "it double[d] the Defendant's guilty plea as though he pleaded guilty to two armed robberies back in '02," and because Petitioner "was never convicted for two separate victims" in the present case. (Doc. 24 at 48). The R&R concludes that the imposition of the aggravated sentence neither violates Petitioner's due process rights nor is unwarranted as it was imposed based upon the findings that "Petitioner was on parole at the time of the offense, . . . Petitioner had 'a prior felony conviction', [there was] threat of serious physical injury, the presence of an accomplice, and the commission of the offense for pecuniary gain." (R&R at 29–30). The R&R further concludes that the "record does not support" Petitioner's conclusory allegation "that the court double counted his prior felony conviction." (*Id.* at 30). Accordingly, this Ninth Claim fails. (*Id.*)

The Petitioner has not raised any objection regarding this Ninth claim (*See* Doc. 27). As this Court agrees with the R&R, the R&R is accepted and adopted on Claim 9. Habeas relief is denied as to this claim.

**Claim 10**

In his Tenth Claim, Petitioner alleges that the state of Arizona "retaliated against Petitioner for exercising [his] right to trial" in violation of his Fourteenth Amendment due process rights. (Doc. 7 at 15). Petitioner elaborates in his Reply, stating that "the fact that the Petitioner went through two separate trials which resulted in hung jury mistrials created the inference that the prosecution wanted to punish the Petitioner by increasing the Petitioner's sentence. . . ." (Doc. 24 at 50). The R&R concludes that Petitioner's allegation of "an inference of vindictiveness based upon errors and multiple trials" is

meritless as it is not supported by the record. (R&R at 30). Accordingly, the R&R concludes that habeas corpus relief cannot be granted as to this disparity in sentencing claim as Petitioner does not present any grounds implicating the federal Constitution. (*Id.*). This Court agrees.

Though Petitioner's objection again asserts that his continuous trials were retaliatory (Doc. 27 at 11–12), this objection is overruled, as Petitioner fails to provide any evidence to support this allegation of vindictiveness. Accordingly, this Court accepts and adopts the R&R as to this Tenth Claim, and habeas relief is denied as to this claim.

**Claim 11**

Petitioner next claims a due process violation as a result of the trial court's refusal to permit "Petitioner to present to the jury the newly discovered evidence" that he possessed $8.95 at the time of the offense; Petitioner alleges that this evidence would have corroborated his defense that the money was for a bus ticket. (Doc. 24 at 51–52). The R&R concludes that this new evidence, the receipt from the jail, is "at best cumulative", and "the jurors were aware of at least one jail record." (R&R at 31). The R&R further concludes that Petitioner's claim is meritless as he cannot prove that the trial court's error had a 'substantial and injurious effect or influence in determining the jury's verdict.'" (*Id.*) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Accordingly, the R&R recommends that habeas relief be denied as to this claim. (*Id.* at 31).

Petitioner's objection again asserts that the witness's testimony regarding the $8.95 was "false." (Doc. 27 at 12). This objection is overruled, as Petitioner fails to establish that this testimony was injurious or prejudicial. Accordingly, the R&R is accepted and adopted on Claim 11, and habeas relief is denied as to this claim.

**Claim 12**

In his Twelfth and final claim, Petitioner alleges that he was denied the presumption of innocence "after the State's leading witness stated that [he] had a previous trial. . . ." (Doc. 24 at 54). The R&R concludes that this claim is identical to the claim rejected above (here, at Ground 2, sub-claim 2 regarding failure to object to

reference to a prior trial). (R&R at 31). Petitioner concedes in his Objections that this Claim is discussed in Claim 2. (Doc. 27 at 12). This Court agrees with the R&R. Accordingly, the R&R is accepted and adopted on Claim 12 and habeas corpus relief is denied as to this claim.

**IV. Motion for Evidentiary Hearing**

Though Petitioner has not filed a formal Motion for Evidentiary Hearing, he requests in his Petition that the Court "grant a new trial or re-sentencing." (Doc. 7 at 19). The R&R concludes that no evidentiary hearing is needed as "[t]he record is sufficiently developed." (R&R at 31). This Court agrees.

In his objection, Petitioner asserts that "an evidentiary hearing should be granted." (Doc. 27 at 13). This Court overrules this objection, as Petitioner's Petition (Doc. 7) and Objections (Doc. 27) have failed to provide any indication that the record is insufficient. (R&R at 31). In his objection, Petitioner also asks the Court to reevaluate the evidence, and has attached Exhibits. (Doc. 27 at 13). Notably, in regard to the potential witnesses identified by Petitioner in Exhibit B to his Objections (discussed above in Claim 2, sub-claim 4), the Court notes that Petitioner may not use an evidentiary hearing merely to determine if these two witnesses have potentially favorable testimony. *See United States v. Fuentes*, 2009 WL 4730733, *5 (D. Ariz. Dec. 7, 2009) *aff'd United States v. Fuentes*, 457 Fed.Appx 687 (9th Cir. 2011) ("Petitioner is not entitled to an evidentiary hearing as a fishing expedition to see if any of these individuals might have helpful testimony."). Accordingly, the Petitioner's request for an evidentiary hearing is denied.

**V. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Motion for Evidentiary Hearing (Doc. 27 at 13) is denied.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 26) is accepted as specified above; the objections of Petitioner (Doc. 27) are overruled as specified above; the Petition is denied, with prejudice, and the Clerk of the Court shall

enter judgment accordingly.

**IT IS FINALLY ORDERED** that, in the event Petitioner files a notice of appeal, a Certificate of Appealability is denied because the Petition is barred by a plain procedural bar and jurists of reason would not find this Court's procedural decision debatable or wrong; further, Petitioner has failed to make a substantial showing of the denial of a constitutional right.

Dated this 16th day of June, 2016.

James A. Teilborg
Senior United States District Judge